Mr. Dowd, when you're ready, you may proceed. If I were a – Would you introduce yourself for the record, please? Yes, I'm sorry. My name is Robert Dowd. I'm an attorney from Bakersfield. I represent the appellant in this matter. If I were accused of drunk driving and I had a petition in bankruptcy court, and one of my creditors was a judge who was trying my drunk driving case, and if that judge told me that he would reduce my drunk driving case to a wet reckless, if I agreed to strike him as a creditor in my case and agreed to pay him in full, I would say that judge is acting in excess of his jurisdiction, and in a court in which he has no jurisdiction, and he's attempting to use his state position to gain a right to what he's not otherwise entitled. California Penal Code Section 94, and I think 95 and 7, working together, make it illegal for any judicial officer to seek any reward or promise for doing any judicial act. And in this case, there was a federal lawsuit that was pending, and the judge said, I will grant your plea bargain if you agree to dismiss the federal lawsuit that is now pending against me. All right, counsel. The problem that I think we have at the moment is that you're bringing a Section 1983 damages action against the judge. Yes. And the problem we have to deal with is the Heck v. Humphrey threshold. Isn't it clear that in order to prevail, you're going to have to attack the underlying conviction? Could I get a clarification relevant to that? Is he still in custody? Oh, no. He served his jail time? He served his jail time. So would Heck apply, then? Sir? In answering the question, would you address whether Heck would apply since he's no longer in custody and has served his sentence? When I looked at the Heck case, it said that there is some extortionate perversion along the judicial path to the conviction. That extortionate perversion can be the subject of a 1983 lawsuit. So I am saying that there is in this case some extortionate perversion of this man's position, independent. In other words, I don't think Congress ever said when they enacted 1983 that this is the exclusive remedy. If the State has a remedy for you, that doesn't preclude you from filing a 1983 lawsuit. I think a 1983 lawsuit can be filed in addition to any State remedies that may be available. We're not attacking the conviction in this case. He was exonerated on some counts. He was convicted on some counts. We're not attacking the conviction in this case. We're saying that there was a perversion along the way, that this judge extracted from him something or attempted to extract something that he was not entitled to. He didn't receive a fair judiciary. I'm sorry. He didn't receive it. Aren't there other ways of attacking that conduct? Direct appeal, habeas, other options? Well, there were. There were. And, you know, we did. I don't know. I think the Court has a record from it. We went to the Judicial Council. I'm not there yet. We sought to have him recused. And we had a hearing on that before a three-judge panel in Kern County only one day before the trial started. They never reached the merits on that because they said, you know, the first attempt to preclude the judge, recuse the judge was inappropriate. I agree with that. But when the judge came in there the second time, he said, you know, we'll grant you this plea bargain. That was a totally distinct and separate thing. And so there had already been a hearing on the recusal. We had already heard that and was denied. There were some new things that had come down since then. I would have had to start the procedure all over again. We were back before the same judge. And so we said, let's just go to trial on this issue. You know, we don't have any more practical remedies. We're here today in the trial. It's time for the trial to start. What would be the measure? I'm sorry. Do you have more on HEC? No. I mean. Then can I ask you what the, how you, let's suppose you go back. The suit were reinstated against the judge. Right. What would be, how would you measure the damages? What would be the act that caused the damages and how would you measure them? My opinion would be the judge acted under color state law. I understand, not the legal. What is the measure of damage? To deprive this man of his state right. By what? Denying the plea? By denying the plea unless he agreed to whatever the judge wanted from him. What are the damages since he denied the plea? Damages would be minimal. But there would be damages. He had to go to jail anyway. He had to go to jail anyway. But if he had got the plea bargain, the judge would have dealt fairly with him during the judicial proceedings. Okay. So it was your contention that because he had to go to trial and assuming he got a fair trial and all of that, so that's not at issue. The issue is whether there's some incremental difference between what would have happened to him had the plea been accepted and what happened to him because he then had to go through trial and suffered incarceration. Yes. Yeah. And what was the plea? Remind me what the plea would have. The plea was a $600 fine. And no jail time. No jail time. And we went to trial. I think he got six months in jail, which he did four months of that six months. And a $2,500 fine as well. Okay. That all would have been resolved under the plea by a $600 fine and no jail time. If he had been granted the plea, which was agreed to between myself and the prosecutor, he would have received what we just discussed. But does, as in Federal courts, does the State court have the discretion not to accept the full term of the plea? In other words, that the nature of the plea was such that the trial judge, had he not injected any of this other collateral stuff, could have on the merits and fully within his powers said, I'll accept the plea, but I'm going to require that he spend six months in jail. Absolutely. Could have done so. Absolutely. The judge could have done that. I just want to make one point. I think the Justice will understand my position. Every procedure which would offer a possible temptation to the average man as a judge to forget the burden of proof required to convict a defendant, or which might lead him to hold the balance nice, not to hold the balance nice, clear, and true between the State and the accused, denies the accused of due process of law. So this is a due process case. That's our Federal right that we had that was not respected by this particular judge. And we were denied that right to due process by virtue of the standard that I just mentioned. And as a result, my client suffered damages. And this is a parallel remedy. It's not an independent remedy. I think the judge would have had to have done it. He certainly had a State remedy as well as attack the conviction and so forth. There were reasons why he chose not to do that, perhaps financial reasons and other reasons. He had already done his jail time by the time the appeal would have been completed. Whatever. That's not the point. The point I'm trying to make is there was a perversion in the process, and we contend that that perversion is actionable here. You've got two minutes left for your rebuttal. Thank you, sir. Thank you, counsel. We'll hear from the government. Good morning. Andrea Scarza, Deputy Attorney General for Judge Monsh. Assuming that what the judge did, we accept those facts, is true that he denied a plea because he was trying to coerce a settlement or dismissal of the 1983 action, what remedies did Mr. Patterson have that he should have followed? How could he have addressed that? He could have addressed that through subsequent motions for recusal, 170.1 motion. Which he did? Which he did, but he did not address the issue properly in that motion. In that motion, which we can provide to the Court, he stated the judge should be recused because he is a party to a lawsuit brought by the criminal defendant. Under California State law, that is not grounds for recusal because that allows for form shopping. You can just sue whatever judge you have. Understood. He did not put in there. He did not allege the rejection of the plea? I'm sorry, Your Honor. He didn't allege the incident of rejecting the plea? It was not in his points and authorities, and the judge's order stated that. And then he filed a writ to the appellate division, which also stated, apparently it was an oral argument, as we explained to counsel, that oral argument. A judge being the party to a lawsuit brought by a criminal defendant in front of that judge. It allows for form shopping. You can name all the judges. I understand that, but the allegations in this suit go beyond just that. And you're saying those issues weren't presented? Those issues weren't properly presented. They certainly had the opportunity to be presented. And they could have been presented further. Okay. How would he have presented it beyond? Let's suppose the recusal motion was improperly denied, except that, since we're talking about a federal action which is attacking the due process. If he had properly raised the issue and it had been denied, then there's the argument that he had the ability on direct review of his conviction, presumably, to raise this issue. How would he have raised it? If he's not attacking the conviction itself, but the fact that he was denied the plea bargain. He can't. He can't do that. You can't say I was. His only shot, then, was the recusal motion. Well, you can't parse it like that, because you cannot say I was improperly denied a plea bargain without saying I wasn't improperly convicted. Because if you accept a plea bargain, you never get to the conviction. So he. He would have to imply that the conviction was improper. It's but for causation. Heck v. Humphrey, as his court asked the question, Heck v. Humphrey, the criminal plaintiff slash appellant, sued under 1983 due process. He said, I'm not challenging my custody or conviction or even injunctive relief. I'm not requesting injunctive relief. I'm requesting monetary damages because the investigation was illegal. But the Supreme Court said, well, 1983 actions sound in tort, therefore you must allege damages, and you have to analyze the damages in the but for causation term. And if you do that, and you necessarily imply that the sentence or conviction is improper, then unless you show that that sentence and conviction was invalidated, you're barred. In this case, the appellant is saying, I'm not challenging the conviction. I'm just seeking monetary damages, because I was improperly denied a plea bargain. Well, if you were improperly denied a plea bargain, then you were improperly put in trial and improperly convicted. The conviction is the end result of a process. You don't have a conviction if you don't have a trial. You don't have a trial if a plea bargain is granted. Is it significant that he's no longer in custody? He just served his sentence, Your Honor. As far as I know, it's not significant at this point. Well, he wouldn't have a habeas remedy at this point. I'm not sure. I'm not familiar with federal habeas criminal proceedings. Under state law. I'm not familiar. I'm a civil defense attorney. But that would be a criminal matter as well. And this is a civil claim for damages. And under Hick v. Humphrey, it's different. You have to, just like a tort claim, duty, breach, approximately causing damages. And approximately caused damages in this case, as appellant alleges in his pleadings, is that he was subject to a jury trial and conviction. Those are his allegations. Those are his damage claims. And that's why he is barred, because he does not allege and cannot allege that his conviction was invalidated. Are you familiar with our decision, Nonet v. Small, 2002? What was the case? Nonet v. Small. No, Your Honor, I haven't heard that. To suggest that once someone is out of custody, HEC doesn't preclude suit? I have not heard that one, Your Honor. All right. But if that were the case, it would pretty much eviscerate HEC for any convict that's been released. Well, maybe so. But having addressed HEC, I think we must address judicial immunity. Appellant repeatedly characterizes what the judge did as an extortionate act or a request for a bribe. That does not abrogate judicial immunity. In fact, the United States Supreme Court case of Dennis v. Sparks, the allegations were a judge entered into a conspiracy, took a bribe, and issued an illegal injunction. But the Supreme Court said the judge is still immune because the act of issuing an injunction in the case before it is a judicial act. That's interesting. But Judge Wanger in this case drew a distinction, saying that here he's not ñ there's nobody challenging the State side of things. What he's really concerned about is that he is using his judicial power, carrying out his State judicial function, to influence the outcome in a Federal lawsuit, which is beyond his State power. Now, that's arguably distinguishable from taking money to exercise one's lawful State jurisdiction. But here he's using the leverage to extend outside the State system and meddle in, as Judge Wanger seemed to find, meddle in the Federal system. Why isn't that a legitimate distinction? Well, with all respect to Judge Wanger, he's incorrect. In Morales v. Waco, the United States Supreme Court case, the Supreme Court warned against parceling out in just such a manner. In fact, it stated, if the particular act in question were to be scrutinized, then any mistake of a judge in excess of authority would become a nontraditional act because an improper or erroneous act cannot be said to be normally performed by a judge. If we look at this in just saying the judge asked for consideration, which is basically what the allegation is, well, clearly that's improper. But he asked for consideration in conjunction with a matter then pending in front of the judge, were the people had come to him on that matter then pending before the judge. That makes it a judicial act. So would he be judicially immune under State law, under criminal law as well? No. This is civil immunity. Right. So the remedy for this kind of conduct, assuming he did exactly what was alleged, and I'm just trying to extort relief in this pending case, he would have been subject to criminal prosecution. As Judge Wanger pointed out, actually he stated you can go to the judicial counsel, administrative office of the courts, you can file a claim with the U.S. Attorney's office or the county district attorney's office. But I disagree with Judge Wanger's breezing through the judicial immunity claim, because cases by the United States Supreme Court hold that he is immune or he should be immune because if you start parceling out the acts, you can just get rid of judicial immunity because requesting a bribe, what if he said give me $1,000 and I'll dismiss your case? That's no different. But in Dennis v. Sparks, that's exactly what happened. Give me money and I'll issue this injunction. I understand, but that doesn't involve seeking to influence or use the influence of my current position to affect a collateral Federal proceeding. If we look at an extortion act or a bribe, as Appellant has cited, penal code, a bribe is, if we use algebraic terms, a variable of X, the bribe is X, all we're doing is changing what X is, but in the end it is still X. It is still give me something I'm not entitled to and I will give you something in return. Concluding, Your Honor, this Court cannot overlook the question of judicial immunity. Appellant went to the judge in matters pending that time before the judge to seek approval of a plea bargain, which was denied. The request for a bribe was done in conjunction with that request and therefore makes the judge immune from civil damages. Also, Heck v. Humphrey bars this suit because Appellant has not shown that while he's shown he has been convicted, he has not shown that conviction has been overturned or invalidated. Thank you. Thank you, Counsel. Mr. Dowd, you have some reserve time. The thrust of my argument is that a judge does enjoy judicial immunity within his own court, within his own jurisdiction. He can rule as badly as he wants. He can impose improper punishment. He can impose improper fines. And my remedy under those circumstances is he upheld his direct appeal. But when a judge attempts to exercise authority in a court in which he has no jurisdiction, then he does not enjoy judicial immunity. I cited a number of cases where judges in one township tended to exercise jurisdiction over areas in which they enjoyed no jurisdiction, and the courts under those circumstances said, you do not enjoy judicial immunity under these circumstances. Just briefly, we filed a recusal. We took that up on a writ. The writ was argued one day before trial. I mean, we were out of time. I had a choice whether or not I was going to prepare to trial or go up to the appellate court and continue to try to get recusals against the judge. So we did what we took the remedies that were available to us in order to deal with this judge that we felt was unfavorable towards us and towards our position. With that in mind, I think the Court has seen the issues in this case. I conclude my arguments. Thank you. All right. Thank you, Mr. Down. The case just argued will be submitted for decision, and the Court will recess. All rise. Thank you. Thank you.
judges: Browning, O'scannlain, Fisher